UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS ALLEN SZAWARA, #417256**

    **Petitioner,**

                                      Civil No: 05-72331
                                      Honorable Nancy G. Edmunds
                                      Magistrate Donald A. Scheer

v.

**BLAINE LAFLER**,

    **Respondent.**

___

**MEMORANDUM OPINION & ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This matter is before the Court on Petitioner's, Thomas Allen Szawara's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner, a state prisoner confined at the Mid-Michigan Correctional Facility in St. Louis Michigan, is challenging the Michigan Parole Board's decision to deny him parole despite his favorable parole guideline score. Petitioner asserts that Respondent's denial of his parole was not based upon substantial and compelling reasons, but rather hinged upon arbitrary and capricious grounds which have violated Petitioner's due process rights. Respondent maintains that Petitioner does not have a liberty interest in being released on parole, thereby not implicating any federal constitutional rights, which makes Petitioner's claim non-cognizable. The Court agrees. For the reasons that follow, the petition will be denied.

**II. Statement of Facts**

On June 12, 2002, Petitioner pled guilty to violating MCL §750.145c(2) (one count of Child Sexually Abusive Activity or Material). The conviction arose out of an incident wherein Petitioner

corresponded with a 17 year old female via the internet which resulted in nude photograph(s) taken of and sexual relations with the teenager. On August 19, 2002, Petitioner was sentenced to 2 - 20 years imprisonment. During Petitioner's first 2 years of incarceration, he achieved a parole guideline score of 7, which placed him into the category of having a "high probability of parole." On May 26, 2004, Petitioner's first parole hearing took place. On June 15, 2004, Petitioner received the Michigan Parole Board's decision denying parole. The Michigan Parole Board cited the following as its substantial and compelling reasons for denying parole: (1) "[Petitioner's] evasiveness and minimizing when asked about the crime and his use of the internet raises serious concerns that [Petitioner] remains a risk to young women and girls;" (2) "history of/or currently serving for [criminal sexual conduct];" and (3) "use of a computer for the purpose of solicitation [which] involved minor/child victim."

Petitioner exhausted the appellate process in an effort to overturn the Parole Board's decision. He was unsuccessful. He has now filed this habeas petition seeking relief.

## III. Discussion

Presumably, because of the plethora of well established case law which stands for the proposition that the Michigan parole system does not create a constitutionally protected liberty interest in parole, Petitioner tailors his argument as follows:

> Mr. Szawara claims no *right* to be paroled, but rather, having achieved a "high probability of parole" pursuant to the mandatory parole guidelines, he claims a due process right for parole not to be denied arbitrarily and capriciously. We submit that Mr. Szawara's parole denial was indeed arbitrary and capricious, and that he is being held in violation of the Fourteenth Amendment to the United States Constitution.
>
> * * *
>
> It is the statutory scheme that the State of Michigan created, *MCL 791.231, et. seq.* which gives rise to the limited liberty interest.

2

\* \* \*
> He claims that his high guideline score gives him an "expectancy [of release]," and that interest cannot constitutionally be taken away without procedural protection [ ], nor taken away arbitrariliy and capriciously . . .

*(Reply to Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus, pg. 2, 4).* The Court will address each of Petitioner's points.

### A. Arbitrary and Capricious

In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Petitioner must show that the Parole Board's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Mayrides v. Chaudhry,* No.01-3369, 2002 WL 1359366, \*2 (6th Cir. June 20, 2002). In this case Petitioner's parole guideline score was 7, indicating that he had a high probability of parole. Under Michigan law, when a prisoner's parole guideline score places him in the high probability of parole range, the Parole Board may only deny the prisoner parole release upon providing substantial and compelling reasons in support of its decision. *M.C.L. § 791.233e(6); Scholtz v. Michigan Parole Board,* 231 Mich.App. 104, 106-12 (1998). Petitioner pled guilty to violating MCL §750.145c(2) (one count of Child Sexually Abusive Activity or Material).

The Parole Board stated that its substantial and compelling reasons for denying Petitioner parole were that: (1) Petitioner was "evasive[ness] and minimizing when asked about the crime and his use of the internet;" (2) if released, Petitioner will continue to represent a risk to young women and girls; and (3) Petitioner has engaged in criminal sexual conduct and the use of the internet for the purpose of soliciting a teenager. Petitioner asserts that the Parole Board incorrectly assessed his criminal sexual conduct offense. He contends that because Petitioner only took a digital photo

3

of a nude 17 year old lying on a bed; and from a legal standpoint, a 17 year old can consent to sexual intercourse, he does not pose a threat to underage girls or young women. Furthermore, Petitioner claims that the balance of the Parole Board's rationale for denying him parole was subjective and did not constitute a substantial and compelling reason for its decision. Clearly, Petitioner does not agree with the Parole Board's decision, however, that does not provide a basis for his assertion that the denial was arbitrary and capricious. The Court finds that the determinations made by the Parole Board cannot reasonably be considered an "egregious abuse of governmental power," even though Petitioner may not agree with that conclusion.

Case law provides that a parole board decision should be based upon as many objective grounds as possible. *Killebrew v. Michigan Parole Board,* 237 Mich. App. 650, 655; 604 N.W.2d 696 (1999). Therefore, from an objective perspective, Petitioner pled guilty to the offense with which he was charged. Therefore, the Parole Board's evaluation of the facts arising from the incident is a proper process to exhaust in an effort to make a decision regarding Petitioner's parole. Subjectively speaking, while a parole board must rely upon objective grounds upon which to base its parole decision, nothing precludes the parole board from considering subjective factors in reaching a parole decision. *Id.* Therefore, simply because a decision denying parole is based in part on a subjective review of Petitioner's case does not invalidate the decision as being one that is arbitrary and capricious.

"Absent substantial evidence of an arbitrary and capricious abuse of discretion amounting to a denial of a constitutional right, and absent evidence of a decision based on an unconstitutional factor such as an applicant's race, sex, religion, or prior exercise of protected constitutional rights, the Court should not interfere with the Parole Board's exercise of its discretion in denying an

application for parole." *Clark v. Carr,* No. 01-73340, 2002 WL 1880469, *3 (E.D. Mich. July 30, 2002).

The Sixth Circuit in an unpublished decision has taken the holding in *Clark* one step further by ruling that in the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr.10, 1990). Therefore, in the absence of a liberty interest, Petitioner cannot state a claim for a violation of his procedural due process rights. Petitioner argues that the Michigan statutory scheme relative to parole gives rise to a limited liberty interest. The Court disagrees.

### B.  Liberty Interest

As previously stated, Petitioner claims that the Parole Board violated his procedural due process rights by denying his parole without providing a legitimate "substantial and compelling" reason after he attained a high probability of parole score. Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. *Meachum v. Fano,* 427 U.S. 215, 224 (1976). There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir.1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. See *Ward v. Stegall,* No. 03-1804, 2004 WL 614581, at *1 (6th Cir. Mar.24, 2004); *Martin v. Ohio Adult Parole Auth*., No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec.8, 2003).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. See *Fifer v. Mich. Dep't of Corr.,* No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct.30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996). Therefore, Petitioner's argument that Michigan's parole statutory scheme embodied in *MCL 791.231, et. seq*. gives rise to the limited liberty interest is not persuasive.

### C. Guideline Score & Expectancy of Release

The presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." As stated by the Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz v. Inmates of Neb. Penal & Corr*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. See *Sweeton v. Brown*, 27 F.3d at 1164 n. 1 (noting that Mich. Comp. Laws § 791.235 listed "a large number of factors to be taken into account by the board.")

Although the current parole guidelines may be more detailed than the former statutory

provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process. *Id.* at 1165. This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate determination of parole release with the parole board. In *Carnes v. Engler*, No. 03-1212, 2003 WL 22177118, at *1 (6th Cir. Sept.19, 2003), the plaintiff prisoners argued that the Michigan parole scheme created a liberty interest in parole because it places severe restrictions on the board's discretion to grant or deny parole, and because it requires the board to provide "substantial and compelling reasons" for departing from the parole guidelines. The Sixth Circuit rejected the plaintiff's arguments, holding that "the ultimate authority to grant parole still lies with the discretion of the parole board." 2003 WL 22177118, at * 1. Moreover, until a Petitioner has served his maximum sentence, he has no reasonable expectation of liberty. *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr.10, 1990)

Because Petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural or substantive due process rights. Petitioner's high guideline score does not mandate parole, and therefore there can be no expectancy of release.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1-1, filed June 13, 2005]** is **DISMISSED WITH PREJUDICE.**

           s/Nancy G. Edmunds
           Nancy G. Edmunds
           United States District Judge

Dated:  October 19, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 19, 2006, by electronic and/or ordinary mail.

>s/Carol A. Hemeyer
>Case Manager